## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NAKYEA C. HOLLINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| VERSUS | ) | |
| | ) | |
| A NEW YOU SKIN AND BODY CLINIC | ) | CIVIL ACTION NO. |
| CENTER, LLC D/B/A A NEW YOU SKIN | ) | _____ |
| AND BODY CLINIC, JUDITH R. | ) | |
| MCKERNAN, R.N., B.S.N., NICOLE | ) | |
| YOUNG, L.M.E., AND JOHN BARRY | ) | |
| MCKERNAN, M.D. | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL REQUESTED** |

## COMPLAINT

## JURISDICTION AND VENUE

### 1.

This court has jurisdiction over the defendants who reside and are located within this judicial district, and over the subject matter pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs.

2.

Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because defendants reside or are located in this judicial district and defendants tortious conduct giving rise to plaintiff's claims occurred in this judicial district.

## PARTIES

3.

Plaintiff, Nakyea Hollins ("Ms. Hollins") is a citizen of the State of Louisiana.  Ms. Hollins is not a citizen of the State of Georgia.

4.

Defendant, Judith R. McKernan, R.N., B.S.N. ("Defendant J. McKernan"), is a registered nurse licensed to practice nursing by the State of Georgia and licensed also as a senior cosmetic laser practitioner, is a citizen of the State of Georgia.  Defendant is not a citizen of the State of Louisiana.

5.

Defendant, John Barry McKernan, M.D. ("Defendant Dr. McKernan"), is a physician licensed to practice medicine by the State of Georgia, is a citizen of the State of Georgia.  Defendant is not a citizen of the State of Louisiana.

6.

Defendant, Nicole Young, L.M.E. (Defendant Young), an esthetician, licensed to practice as an assistant laser practitioner, is a citizen of the State of Georgia.  Defendant is not a citizen of the State of Louisiana.

7.

Defendant, A New You Skin and Body Clinic, L.L.C. d/b/a A New You Skin and Body Clinic ("Clinic"), a corporation organized and existing under the laws of the State of Georgia provides various cosmetic services, including laser hair removal, botox injections, spa services and skin treatments.  The Defendant, A New You Skin and Body Clinic, L.L.C. is an entity formed under the laws of the State of Georgia and a citizen of the State of Georgia.  The Defendant Clinic is not a citizen of the State of Louisiana.

## FACTS AND GENERAL ALLEGATIONS

8.

Ms. Hollins reincorporates paragraphs 1 through 7 as if stated herein.

9.

Defendant Young on October 2, 2015, performed laser surgery on Ms. Hollins face, including her upper lip, both cheeks, and her neck, causing second degree burns and permanent disfigurement.

10.

The laser surgery plan with its risks were never discussed with nor consented to by Ms. Hollins.

11.

The Defendant Young began a full facial laser procedure as opposed to testing a small patch of the skin in order to determine whether or not the type of laser being used or its settings were compatible with African American skin.

12.

Defendant Young began the procedure and when told by the Plaintiff Hollins that the laser was burning her, Hollins was told that "it was supposed to feel that way" and there was no problem.  Unfortunately, Defendant Young proceeded to do a full facial hair reduction despite complaints made by Ms. Hollins and in the course of doing so inflicted second degree burns upon Ms. Hollins' face.

13.

Ms. Hollins has seen a medical doctor in New Orleans, Louisiana who is highly skilled in the use of laser technology and he has opined that the procedure undertaken by Ms. Young upon Ms. Hollins has caused irreparable damage of

hyperpigmentation.   Ms. Hollins is now 37 years old and currently has physical scarring and hyperpigmentation that cannot be fully reversed.

14.

Ms. Young has breached the standard of care in her conducting laser hair reduction upon Ms. Hollins.  At the time of the procedure, Ms. Young had only been certified for approximately eight months by the Georgia Composite Medical Board to conduct this procedure and was not properly trained or supervised.

15.

Defendant J. McKernan, as a senior cosmetic laser practitioner, failed to supervise Ms. Young in allowing her to perform the laser procedure without proper training.   As the senior practitioner at the Clinic, J. McKernan had a duty to properly train, properly supervise, and maintain practices and procedures amongst her staff.

16.

Dr. John Barry McKernan is the medical director of the Clinic and therefore had a duty to supervise and train his employees and staff in the proper application of laser hair reduction.

17.

Upon information and belief, the Clinic is owned by Judith McKernan, R.N., B.S.N., and her husband, John Barry McKernan, M.D., and in this matter, clinic staff provided substandard care by permanently disfiguring Ms. Hollins.

18.

Upon being told by Ms. Hollins that the laser procedure was burning her face, Ms. Young should have immediately ceased performing the procedure and gotten her supervisor as well as the medical director for additional guidance.

19.

Because of the apparent use of the wrong laser or use with the wrong settings, Ms. Hollins has undergone permanent scarring and hyperpigmentation.

20.

Due to the scarring and hyperpigmentation, Ms. Hollins consulted with a Board Certified in Otolaryngology and Facial Plastic & Reconstructive Surgery physician who is also an expert in laser equipment.  The physician that Ms. Hollins consulted with is Felix P. Bopp, M.D., who is licensed and Board Certified in Otolaryngology and Facial Plastic & Reconstructive Surgery.

21.

In his opinion, the standard of care was breached resulting in the negligent act of causing permanent scarring and hyperpigmentation.  Dr. Bopp has opined that the lasers infliction of second degree burns have caused scarring and hyperpigmentation.  This is a clear breach of the standard of care for performing laser hair reduction.

22.

All of the defendants, Judith McKernan, R.N., B.S.N., John Barry McKernan, M.D., and Nicole Young, L.M.E., committed tortious acts as set forth in this complaint.  They were done in their capacity as Clinic principals, employees and/or agents.

23.

All of the defendants' tortious acts set forth in the complaint were performed within the scope of their duties for the Defendant Clinic.

24.

Defendant Clinic, under the doctrine of *respondeat superior*, is liable for Defendants Judith McKernan, R.N., B.S.N., John Barry McKernan, M.D., and L.M.E. Nicole Young's tortious acts in connection with the surgery.

25.

As defendants are all licensees of the Georgia Composite Medical Board, Ms. Hollins had a patient relationship with Defendants.

26.

All defendants, in connection with the laser surgery, had the duty to comply with the standard of care and their deviation was the proximate cause of Ms. Hollins' injuries.

## COUNT ONE

## STANDARD OF CARE

27.

The standard of care is the care and treatment that reasonably prudent professional providers of services would perform in like situations and in similar circumstances.   Defendants, in connection with the laser surgery, breached the standard of care by:

a.      Failing to use the proper laser;

b.      Using the wrong settings on the laser;

c.      Not doing a test patch on Ms. Hollins' face prior to performing a full facial reduction;

d.      Failing to account for the dark pigmentation of the patient's skin;

e.      Failing to properly supervise a licensed laser tech with only eight months of experience;

f.      Failing to halt the procedure upon the complaint of pain further inflicting additional pain and permanent damage; and

g.      Failing to properly render full medical attention upon discovering the second degree burns to Ms. Hollins' face.

Defendants' breaches of the standard of care injured and disfigured Ms. Hollins.

## COUNT TWO

## FAILURE TO OBTAIN INFORMED CONSENT

### 28.

Defendants' breaches of the standard of care have had a profound negative impact upon Ms. Hollins' life and will continue to do so for the remainder of her life. Ms. Hollins' serious and life altering injuries caused by defendants breaches of the standard care were reasonably foreseeable. Had Ms. Hollins been provided informed consent and educated about known risks, she would have had the opportunity to decline the procedure. Anesthetic topical creams were applied to Ms. Hollins' face and pursuant to O.C.G.A. § 31-9-6.01, the obligation to provide informed consent was mandatory.

## COUNT THREE

## NEGLIGENCE

### 29.

Nicole Young, L.M.E. was negligent in her operation of the laser. J. McKernan, R.N., B.S.N. was negligent for Young's lack of training and experience and McKernan's failure to supervise. John Barry McKernan, M.D. was negligent for failing to properly train the staff and implement proper procedures and protocols. The defendants did not exercise the degree of care that an ordinary prudent person under similar circumstances would have. Ms. Hollins is entitled to recover damages for the serious and life altering injuries she has suffered and will continue to suffer for the remainder of her life as a result of defendants' breaches and negligence.

## COUNT FOUR

## NEGLIGENCE PER SE

### 30.

Reincorporating paragraph 28, upon Ms. Hollins complaints of pain, the procedure implemented by defendants should have been stopped immediately. Instead, defendant young proceeded to perform a full facial hair reduction resulting

in the damage sustained by plaintiff.  This constitutes negligence per se by failing
to obtain informed consent pursuant to O.C.G.A. § 31-9-6.01.

## COUNT FIVE

## BREACH OF CONTRACT

### 31.

Ms. Hollins paid good consideration for this procedure to be performed and
was assured the procedure would improve her appearance.  Instead, her bargain
resulted in permanent disfigurement thereby resulting in a breach of contract claim.

### 32.

Although not required pursuant to Fed. R. Civ. P. 8(a); *Baird v. Celis*, 41 F.
Supp. 1358 (N.D. Ga. 1999); *Zurich Am. Ins. Co. v. Scheffer Engineering Co.*, 201
WL 344095 at *4 (N.D. Ga. 2011); *Robinson v. Correctional Medical Associates,
Inc.*, WL 2499994 at *4 (N.D. Ga. 2010; *Larson v. Grayer*, 2009 WL 4281100 at
*1 (N.D. Ga. 2009); *Stidman v. United States*, Civ. A 1:13-CV-1093-TWT (N.D.
Ga. 2014); for notice purposes and in compliance with O.C.G.A. § 9-11-9.1's
requirement for a professional affidavit to be filed in support of a professional
negligence claim, Ms. Hollins files the original affidavit and curriculum vitae of
Felix P. Bopp, M.D. as Exhibit A to this complaint.  Ms. Hollins also files
photographs showing before surgery, immediately after surgery and current

disfigurement.  These photographs were reviewed by Felix P. Bopp, M.D. to partly render his expert medical opinion attached as Exhibit B.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that defendants, A New You Skin and Body Clinic, L.L.C. d/b/a A New You Skin and Body Clinic, Judith R. McKernan, R.N., B.S.N., Nicole Young, L.M.E., John Barry McKernan, M.D., be served with a copy of this Complaint, and that, after due proceedings:

1. There be judgment herein in favor of the plaintiff and against defendants for all damages together with legal interest thereon from the date of injury until paid, and all costs and expenses of these proceedings declaring that the defendant is liable for all applicable damages and thereafter;

2. There be specially included in the judgment in the plaintiff's favor, provisions for the following damages and relief as found applicable and supported by the evidence:

   a. Past and future mental and physical pain and suffering by Ms. Hollins;

   b. Past and future loss of enjoyment and quality of life of Ms. Hollins;

   c. Disability;

d. Past and future compensable medical and other out-of-pocket expenses related to defendants' wrongdoing;

e. Costs of court; and

3. All other general, equitable, and further relief as the Court may deem just and proper.

Ms. Hollins demands a jury trial on her claims.

Respectfully submitted,

*s/William L. Pratt*
WILLIAM L. PRATT
Georgia Bar No. 210006
*Attorney for Nakyea Hollins*

GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
E-Mail: wpratt@gainsben.com

**PLEASE SERVE:**

**A NEW YOU SKIN AND BODY CLINIC, L.L.C.,**
**D/B/A A NEW YOU SKIN AND BODY CLINIC,**
Through their agent for service of process,
Judith R. McKernan
1520 Burnt Hickory Road
Cobb, Marietta, GA  30064

**SERVICE INSTRUCTIONS CONTINUED:**

**JUDITH R. MCKERNAN, R.N., B.S.N.**
145 Towne Lake Parkway, Suite 101
Woodstock, GA  30188-4849

**NICOLE YOUNG, L.M.E.**
145 Towne Lake Parkway, Suite 101
Woodstock, GA  30188-3849

**JOHN BARRY MCKERNAN, M.D.**
145 Towne Lake Parkway, Suite 101
Woodstock, GA  30188

## FONT AND POINT SELECTION CERTIFICATION

The undersigned certifies that this Complaint has been prepared with Times New Roman, 14 Point, which is one of the font and point selections approved by the Court.

Respectfully submitted,

*s/William L. Pratt*
WILLIAM L. PRATT
Georgia Bar No. 210006
*Attorney for Nakyea Hollins*


GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
E-Mail: wpratt@gainsben.com

## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NAKYEA C. HOLLINS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VERSUS | ) |
| | ) |
| A NEW YOU SKIN AND BODY CLINIC | )    CIVIL ACTION NO. |
| CENTER, LLC D/B/A A NEW YOU SKIN | ) |
| AND BODY CLINIC, JUDITH R. | ) |
| MCKERNAN, R.N., B.S.N., NICOLE | ) |
| YOUNG, L.M.E., JOHN BARRY | ) |
| MCKERNAN, M.D. | ) |
| | ) |
| Defendants. | )    **JURY TRIAL REQUESTED** |

## VERIFICATION

STATE OF LOUISIANA
PARISH OF NEW ORLEANS

IN PERSON BEFORE ME, an officer duly authorized to administer oaths, appeared NAKYEA C. HOLLINS, who after being sworn and upon her oath, states that the facts contained in Plaintiff's Compliant in the above-styled matter are true and correct to the best of her knowledge.

This __14__ day of September, 2017.

_____
NAKYEA C. HOLLINS

Sworn to and subscribed before me,
this _14_ day of September, 2017.

_____
NOTARY PUBLIC
Mr. William Lawton Pratt, ESQ
Notary Public
Bar Roll #19113
My commission is for life.

- 16 -